UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

DAVID H. LEWIS,
      Plaintiff

  vs                                       Case No. C-1-04-59
                                            (Weber, S.J.)
VANGUARD TRANSPORTATION      (Hogan, M.J.)
SYSTEMS, INC.,
      Defendant

---

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (Doc. 14). On August 30, 2005, the Court ordered Plaintiff to show cause within fifteen days why summary judgment should not be granted against him. (*See* Doc. 16). To date, Plaintiff has filed no response to the Court's order.

### BACKGROUND

Plaintiff initiated this action in the Butler County Court of Common Pleas on January 15, 2004, alleging disability discrimination under O.R.C. § 4112.99 and a violation of ERISA. Defendant timely removed the action to this Court on January 28, 2004. (Doc. 1).

Plaintiff became employed with Defendant in September, 1992, as an over-the-road truck driver. (Doc. 15, Deposition of David H. Lewis, at 14-15). Plaintiff acknowledged in his deposition that he was required to perform certain job functions, which were considered essential functions of his job, on a regular basis as an over-the-road truck driver for Defendant. One of the requirements was that he meet all D.O.T. health requirements. (Id. at 15-17; Ex. 1). Plaintiff's health

problems related to his heart began in 1996. At that time, Plaintiff suffered from congestive heart failure which necessitated a four-month leave of absence. (Id. at 19-20). Plaintiff returned to work after the leave of absence. (Id. at 20-21). In order to return to work in 1996, Plaintiff was required to undergo a physical exam. (Id. at 21-22).

In January, 1998, Plaintiff was diagnosed with valvular heart disease. (Lewis Dep. at Ex. 2, pp. 5-6, Report of Dr. Hollon). Despite this diagnosis, Plaintiff continued to work for Defendant without incident. (Id. at 24-25; Ex. 3). In February, 2000, Plaintiff underwent emergency quadruple bypass surgery and had a pacemaker installed. (Id. at 30). During this surgery, Plaintiff also suffered a mild stroke. (Id. at 93-94). Plaintiff was again placed on medical leave while he recuperated from this surgery. However, Plaintiff was unable to obtain a medical release to return to work and was also unable to pass a physical from Defendant's physician. Because of his inability to obtain an adequate medical release, as well as his inability to pass the physical, Defendant refused to allow Plaintiff to return to work as an over-the-road truck driver.

## OPINION

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

More specifically, Rule 56 provides that,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

### Summary Judgment Should be Granted With Respect to Plaintiff's Claim for Employment Discrimination

Plaintiff has failed to establish a prima facie case of employment discrimination. In order to establish a prima facie case of disability discrimination under Ohio law, a plaintiff must show that: 1) he was disabled; 2) he suffered an adverse employment action, at least in part because he was disabled; and 3) he can, though disabled, safely and substantially perform the essential functions of the job in question. *City of Columbus Civil Service Commission v. McGlone*, 697

N.E.2d 204,206 (Ohio 1998).  The Ohio Revised Code defines "disability" as:

> a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working: a record of a physical or mental impairment; or being regarded as having a physical or mental impairment.

O.R.C.§ 4112.01(A)(13).  Federal regulations interpreting the Americans With Disabilities Act ("ADA") define the term "substantially limits" as meaning:

> . . . significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and activities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3).[1]

Plaintiff has failed to establish that he is disabled or regarded as being disabled.  Plaintiff steadfastly testified that he is not, nor has he ever been, disabled. (Lewis Dep. at 70, 78, 152).  He also testified that he made no request for accommodation from Defendant.  (Id. at 100, 112, 158-59).  Plaintiff's testimony indicates that his heart condition did not limit any aspect of his daily life activities nor did it prevent him from performing any task which he was previously able to perform prior to the onset of his condition. (Lewis Dep. at 79-80).  Thus, Plaintiff's argument is essentially that Defendant regarded him as being disabled because Defendant believed that Plaintiff could not safely perform the essential functions of an over-the-road truck driver.  (Id. at 78-79). The case law clearly establishes that individuals who lack a physical requirement to perform a specific job are not regarded as being disabled because their physical condition merely prevents them from performing a specific job not an entire class of jobs.  *McGlone*, 697 N.E.2d at 207; *see also Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 492-93

---

[1]The Ohio Supreme Court has held that courts may look to regulations and cases interpreting the federal ADA for guidance in interpreting Ohio law.  *McGlone*, 697 N.E.2d at 206-207.

4

(1999)(individuals prohibited from working as airline pilots due to poor vision were not "regarded as" being disabled because their vision only precluded them from holding a job as an airline pilot and not a whole class of jobs); *Cannon v. Levi Strauss & Co.,* 29 Fed. Appx. 331, 335-36 (6th Cir. Feb. 6, 2002)(seamstress with carpel tunnel syndrome whose employer believed she could not perform tasks requiring repetitive movements such a sewing was not perceived to be substantially limited in the major life activity of working); *Sullivan v. River Valley School District,* 197 F.3d 804, 810 (6th Cir. 1999)("A defendant employer's perception that health problems are adversely affecting an employee's job performance is not tantamount to regarding that employee as disabled.").

    Likewise, assuming Plaintiff could establish the first element of his prima facie case, Plaintiff has failed to establish that he can safely and substantially perform the essential functions of the job in question. The Supreme Court has held that "a person with a disability . . . currently holding a job subject to [DOT standards for drivers] must be able to satisfy these physical qualification standards in order to be considered a qualified individual with a disability under [the ADA]." *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 573 (1999). Following Plaintiff's inability to submit a medical release from his treating physician stating that he could return to work[2], Defendant arranged for Plaintiff to be examined by Dr. David Randolph, a board certified physician in Occupational Medicine, to determine whether Plaintiff was physically able to safely return to work. (Id. at Exs. 11, 12). According to Dr. Randolph, Plaintiff opined that Plaintiff did not meet the DOT's health requirements for an operator of a commercial vehicle. (Id. at Ex. 12, pp. 5-7). Plaintiff testified that he did not undergo a DOT physical examination during 2000 because he lacked the funds to do so. (Id. at 99-100). Moreover, Plaintiff filed no action with the DOT to attempt to appeal Dr. Randolph's opinion. (Id. at 96). Finally, Plaintiff submitted no contradictory medical opinion to rebut Dr. Randolph's opinion. Plaintiff has, therefore, failed to establish that he could safely and substantially perform the essential functions of his job as an over-the-road truck driver.

    By failing to respond to Defendant's Motion for Summary Judgment, Plaintiff has provided no affirmative evidence establishing a prima facie case of

---

[2] The medical releases submitted by Plaintiff indicated his desire to return to work but did not state that Plaintiff was able to safely perform the essential functions of his job. (*See* Lewis Dep., Exs. 8, 9, 10).

employment discrimination. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972). For this reason, as well as those stated above, Plaintiff has failed to establish a prima facie case of disability discrimination under Ohio law. Accordingly, we find that summary judgment in favor of Defendant is appropriate.

<u>Plaintiff Has Failed to Establish a Claim under ERISA</u>

Plaintiff alleges in his Complaint that Defendant violated ERISA when it denied him "pension benefits' which it previously paid to other employees under similar circumstances. (Doc. 1, Complaint at ¶ 24).

Pursuant to 29 U.S.C. § 1002(1), an "employee welfare benefit plan" is defined as:

> . . . any plan, fund, or program . . . established or maintained by an employer or by an employee organization, . . . for the purpose of providing . . . through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care benefit, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits.

29 U.S.C. § 1002(1)(A). Defendant cites the Court to several cases which support its contention that Defendant's informal disability plan does not constitute an "employee welfare benefit plan under ERISA. In *Abella v. W.A. Foote Memorial Hospital*, the Sixth Circuit held that sick leave benefits paid by the employer out of its general funds do not constitute an employee benefit plan under ERISA. 740 F.2d 4, 5 (6th Cir. 1984). In *Martin Marietta Energy v. Industrial Comm. of Ohio*, the court found that payments made by the employer which were designed to supplement injured employees' workers' compensation benefits were not covered by ERISA because they were paid out of the employer's "general assets." 843 F. Supp. 1206, 1211-12 (S.D. Ohio 1994). In *William v. Great Dane Trailer Tennessee, Inc.,* the plaintiff alleged that his former employer had violated ERISA by denying him short-term disability benefits and then discharging him in retaliation for pursuing those benefits. The court, in granting summary judgment to the employer, held that the short-term disability benefits offered by defendant are not part of an employee welfare benefit plan governed by ERISA, but a payroll practice exempted from ERISA requirements. For that reason, the court found that

6

plaintiff did not state a claim under ERISA. 1995 U.S. Dist. LEXIS 22152 at *4-5 (W.D. Tenn. 1995).

In the present case, Defendant's President, Douglas Menne, testified that the disability benefits paid to Defendant's employees come from Defendant's general assets. (Menne Decl. at 5). Plaintiff has not contradicted this fact and, in fact, confirmed such in his deposition testimony. (Lewis Dep. at 128-29). As such, we find that the disability benefits which Plaintiff claims he was denied are not part of an employee welfare benefit plan, but rather are part of a payroll practice exempted from ERISA requirements. Accordingly, summary judgment should be granted in favor of Defendant with respect to Plaintiff's claim under ERISA.

<u>Plaintiff has Failed to Establish a Prima Facie Case of
Intentional Infliction of Emotional Distress</u>

In order to recover on a claim for intentional infliction of emotional distress, Plaintiff must show that: 1) Defendant either intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to Plaintiff; 2) Defendant's conduct was outrageous and extreme beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; 3) Defendant's conduct was the proximate cause of Plaintiff's psychic injury; and 4) Plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it. *Meyers v. Hot Bagels Factory, Inc.,* 721 N.E.2d 1068 (Ohio Ct. App. 1999). The outrageousness of Defendant's conduct in and of itself can demonstrate his intent to cause emotional distress. *Id.*

Plaintiff alleges that Defendant's acts of terminating Plaintiff's employment and in denying him disability benefits constitute the intentional infliction of emotional distress. (Doc. 1, Ex. A, Complaint, at ¶26-27). Plaintiff makes no argument regarding the outrageousness of Defendant's conduct but rather, addresses only the effects of such conduct upon him emotionally. However, there is no evidence that Plaintiff sought treatment for, or testified to the need for, medical care due to his emotional distress. Moreover, Plaintiff has provided no evidence that he suffers from any diagnosable condition as a result of his emotional distress. (Lewis Dep. at 153-54). Liability for emotional distress has generally been found only where the conduct has been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

7

regarded as atrocious, and utterly intolerable in a civilized community." *Meyers*, 721 N.E.2d 1068. Mere insults, indignities and annoyances are not sufficient to support a claim for emotional distress. *Id.* Moreover, the emotional injuries that a claim for emotional distress entails have been defined as those that are "severe and debilitating to a reasonable person." *Id.* at 1076. While we agree that expert testimony is not necessary to prove that Plaintiff was distressed as a result of the situation he found himself in, *see Eastham v. Nationwide Mut. Ins. Co.,* 586 N.E.2d 1131, 1133(Ohio Ct. App. 1990), we do not agree that Plaintiff's alleged mild distress constitutes emotional distress that was "of such a nature that no reasonable person could be expected to endure it." *Meyers,* 721 N.E.2d at 1075. Plaintiff has simply failed to produce evidence of such severe and debilitating emotional distress. Moreover, Plaintiff has produced no evidence with respect to the outrageousness of Defendant's conduct. As such, we find that summary judgment in favor of Defendant is appropriate with respect to Plaintiff's emotional distress claim.

Alternatively, we find that dismissal is appropriate for failure to prosecute. District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980)(quoting *Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382, 385 (5th Cir. 1978)*; see also Coleman v. American Red* Cross, 23 F.3d 1091, 1095 (6th Cir. 1994). As the court in *Carter* explained, "the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, .... or failure to comply with the pre-trial order." 636 F.2d at 161(quoting *J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.,* 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)).

Plaintiff's dilatory conduct is abundantly clear from the record. Plaintiff was ordered to file a response to Defendant's Motion for Summary Judgment arguing his position as to why summary judgment should not be granted against him. (*See* Doc. 16). Plaintiff was further ordered to come forth with affirmative evidence supporting his claims against Defendant. (Id.). Plaintiff has failed to

respond in any manner.

For the reasons stated above, this Court finds that Defendant's Motion for Summary Judgment (Doc. 19) should be granted in favor of Defendant. In the alternative, we find that dismissal is appropriate for failure to prosecute.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (Doc. 14) be GRANTED in favor of Defendant; or

2. In the alternative, Plaintiff's Complaint be DISMISSED for failure to prosecute and failure to abide by a Court order; and

3. This case be TERMINATED on the Court's Docket; and

Date: 9/28/2005            s/Timothy S. Hogan
                           Timothy S. Hogan
                           United States Magistrate Judge

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 9/30/2005. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

J:\SMITHLE\SUMJUDG\Vanguard.msj.wpd